# Reappointment of United States Parole Commissioners

A statute providing for the automatic extension of the term of a Presidential appointee unconstitutionally interferes with the President's authority under the Appointments Clause.

November 2, 1987

MEMORANDUM OPINION FOR AN ASSOCIATE DEPUTY ATTORNEY GENERAL

This responds to your request for this Office's opinion as to whether, under § 235(b)(2) of Pub. L. No. 98–473, 98 Stat. 1837, 2032 (1984), the terms of the United States Parole Commissioners who are on duty as of November 1, 1987, will automatically be extended for a five-year period without the necessity of new Presidential appointments. More specifically, you inquired as to whether the term of office for one of the Commissioners which expires at the close of business November 1, 1987, will automatically extend through November 1, 1992. For the reasons discussed below, we have concluded that § 235(b)(2) is unconstitutional, but that it is in the President's discretion to allow the Commissioner to continue service as a Commissioner as a holdover appointee.

Section 235(b)(2) of Pub. L. No. 98–473, the Sentencing Reform Act of 1984 (Act), provides that the term of office of a United States Parole Commissioner who is in office on the effective date of the Act is extended to the end of the five-year period after the effective date. Section 235(b)(2) thus purports to extend to November 1, 1992 the terms of office for those Commissioners in office on November 1, 1987.

The President has the sole authority to appoint members of the Parole Commission. The Appointments Clause of the Constitution, art. II, § 2, cl. 2, provides that "Officers of the United States" must be appointed by the President by and with the advice and consent of the Senate. The methods of appointment set forth in the Appointments Clause are exclusive; officers of the United States therefore cannot be appointed by Congress, or by congressional officers. *Buckley* v. *Valeo*, 424 U.S. 1, 124–41 (1976). Persons who "exercis[e] significant authority pursuant to the laws of the United States" or who perform "a significant governmental duty . . . pursuant to the laws of the United States" are officers of the United States, *id.* at 126, 141, and therefore must be appointed pursuant to the Appointments Clause. This Office has consistently found that the Parole Commissioners are purely Executive officers charged by

135

Congress with the exercise of administrative discretion.[1] Accordingly, the Parole Commissioners must be appointed by the President in accordance with the Appointments Clause.

We find that § 235(b)(2) is an unconstitutional interference with the President's appointment power. By extending the term of office for incumbent Commissioners appointed by the President for a fixed term, the Congress will effectively reappoint those Commissioners to new terms. Because the authority to appoint members of Parole Commissioners lies exclusively in the President, § 235(b)(2) is an unconstitutional encroachment by Congress on that authority.

The constitutional problems with § 235(b)(2), however, do not preclude Commissioner Batjer from continuing to serve past the expiration date of his current appointment. We note that 18 U.S.C. § 4202 provides that upon the expiration of a term of office of a Commissioner, the Commissioner shall continue to act until a successor has been appointed and qualified, except that no Commissioner may serve in excess of twelve years. Under this provision, the Commissioner can serve on a holdover basis unless and until the President appoints a successor who is confirmed by the Senate.[2]

In sum, we recommend that if the President wishes to have the Commissioner continue to serve as a member of the United States Parole Commission, the Commissioner should be treated as a holdover appointee. This course of action will preserve the Executive Branch position on the unconstitutionality of congressional reappointment provisions such as § 235(b)(2) and, at the same time, allow the President's choice for the Commissioner position to continue serving in that position without renomination.

JOHN O. MCGINNIS
*Acting Deputy Assistant Attorney General*
*Office of Legal Counsel*

---

[1] *See* Memorandum for the Associate Attorney General from Theodore B. Olson, Assistant Attorney General, Office of Legal Counsel (Jan. 13, 1982); Memorandum for the Associate Attorney General from Theodore B. Olson, Assistant Attorney General, Office of Legal Counsel (Aug. 11, 1981).

[2] Section 235(b)(2) is operative "[n]otwithstanding the provisions of § 4202 of Title 18," the section that creates the Parole Commission and establishes its structure, including the holdover mechanism. This language is properly read to suspend operation of § 4202 only to the extent that such suspension is necessary to give effect to the extended terms of office for incumbent commissioners. Accordingly, if § 235(b)(2) is unconstitutional, 18 U.S.C. § 4202, including its holdover provision, would remain operative. Indeed § 235(b)(1)(A), which is clearly severable from § 235(b)(2), expressly extends the operation of § 4202.